UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MEDICAL DIAGNOSTIC IMAGING, PLLC,
et. al.,

                    Plaintiffs,

        -against-

CARECORE NATIONAL, LLC, et. al.,

                    Defendants.
------------------------------------------X
PARK WEST RADIOLOGY, P.C., et. al.,

                    Plaintiffs,

        -against-

CARECORE NATIONAL, LLC, et. al.,

                    Defendants.
------------------------------------------X

06 Civ. 7764 (CS)(THK)

06 Civ. 13516 (VM)(THK)

**Memorandum Opinion
and Order**

**THEODORE H. KATZ, United States Magistrate Judge**

These anti-trust cases were consolidated for the purpose of coordinated pretrial discovery, and have been referred to this Court for general pretrial management. Pursuant to an Order issued by this Court, dated July 23, 2008, Defendants now move this Court for leave serve a deposition subpoena upon Jack Lefkowitz ("Lefkowitz"), a non-party to this case, by means other than personal service. Neither Plaintiffs, nor Lefkowitz, have responded to Defendants' motion.

Lefkowitz was first identified as a potential witness for Plaintiffs on May 2, 2008, regarding "CareCore's improper and exclusionary practices, evidence of conspiracies among defendants,

1

anti-competitive effects and patient care issues." (Exhibit ("Ex.") 1, annexed to Declaration of Jordan Freundlich, dated Aug. 1, 2008 ("Freundlich Decl."), at 3.) Defendant CareCore National LLC ("CareCore") soon sought to depose Lefkowitz and attempted to personally serve him with a subpoena at the address provided by Plaintiffs on a disclosure form. (See Freundlich Decl. ¶ 3 & Ex. 2.) The process server was unable to serve Lefkowitz and was told that Lefkowitz was in Israel. (See Freundlich Decl. ¶ 3 & Ex. 2.)

A second attempt was made to serve the subpoena after CareCore learned that Lefkowitz had returned to New York. (See Freundlich Decl. ¶ 4 & Ex. 3.) This time, instead of personally delivering the subpoena to Lefkowitz, the process server left it with the front office staff of Lefkowitz's business - New York Medscan LLC. (See Freundlich Decl. ¶ 5 & Ex. 3.) A front desk clerk, Sandra Sukhnanan, contacted Lefkowitz on the telephone, obtained authorization to accept service, and accepted a copy of the subpoena. (See id.) Later, a CareCore attorney contacted Lefkowitz to confirm the date and time of the deposition, and was told by Lefkowitz that he would not appear because he was not personally served. (See Freundlich id. ¶ 6.)

CareCore then sought the assistance of the Court and was granted additional time to personally serve Lefkowitz. CareCore was again unsuccessful in personally serving Lefkowitz, and left copies of the subpoena with Sukhnanan at New York Medscan, as well

2

as with "Nikkia P." at a business called Care to Care.[1] (See id. at ¶ 8 & Ex. 6.) CareCore then followed up with a letter to Lefkowitz, which included a copy of the subpoena, stating that it intended to go forward with the deposition and would move for contempt if he failed to appear. (See id. ¶ 9 & Ex. 7.)

Lefkowitz responded to the letter and the subpoena with an e-mail to CareCore's attorneys, again stating that because he was not personally handed a copy of the subpoena, he would not attend the deposition. (See id. ¶ 10 & Ex. 8.) In response to CareCore's insistence that substitute service was permitted in the Southern District of New York, Lefkowitz, referencing a telephone conversation with Plaintiffs' attorneys, responded by attaching a case from the Western District of New York and stating that "the courts go both ways. The second circuit court of appeals has not ruled on the issue . . . The bottom line is you can serve me or litigate the issue its your choice." (Id., Ex. 8.)[2]

CareCore chose to litigate the issue and, in a letter sent to all parties and to Lefkowitz, again sought the assistance of the Court. (See id., Ex. 9.) In a conference with the Court, CareCore's lead attorney, Roy Breitenbach, explained his efforts to serve Lefkowitz and sought an order from the Court compelling his

---

[1] In his Declaration, Jordan Freundlich represents that the process server was told by Nikkia P. that Lefkowitz was in France, but that was an inaccurate statement. However, the affidavit of Vincent Mannetta, who served the subpoena, does not contain that information.

[2] Lefkowitz does not appear to be an attorney.

3

attendance. Lefkowitz was not at the conference. Attorneys for Plaintiff Medical Diagnostic Imaging, who formerly represented Lefkowitz, but do not currently represent him, maintain that they have no control over him, and did not provide him with any case law or legal advice. They do not oppose CareCore's motion.

As a result, rather than ordering Lefkowitz to appear, the Court required CareCore to bring a motion seeking leave to serve Lefkowitz through substitute process. (See Order, dated July 23, 2008.) Lefkowitz was given five days to respond, but he has not submitted any response to the Court. For the reasons set forth below, the Court grants Defendants' motion to serve Lefkowitz through substitute process, and orders Lefkowitz to appear for deposition at the time and place stated on the subpoena.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") sets forth the standards governing subpoenas issued to third parties. See Fed. R. Civ. P. 45. It requires that a subpoena be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the milage allowed by law." Fed. R. Civ. P. 45(b)(1). The majority of courts have held that personal service of a subpoena is required. See 9 Moore's Federal Practice § 45.21 (3rd ed. 2008) (hereinafter "Moore's § 45.21"); see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2454 (2d ed. 2008) ("The longstanding interpretation of Rule 45 has

4

been that personal service of subpoenas is required."). As Moore's notes, however, nothing in the word "delivering" indicates personal service, and a personal service requirement can be unduly restrictive. See Moore's § 45.21.

The purpose of requiring delivery "to the named person" is to "ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process." Moore's § 45.21. Accordingly, not all courts require personal service, and, in particular, courts in the Second Circuit have authorized alternative service. The cases which have allowed alternative service emphasize that the service was sufficient because it was calculated to provide timely actual notice. See, e.g., Cartier v. Geneve Collections, Inc., No. CV 2007-0201 (DLI) (MDG), 2008 WL 552855, *1 (E.D.N.Y. Feb. 27, 2008) (agreeing that "'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service"); Ultradent Prods., Inc. v. Hayman, No. M8-85 (RPP), 2002 WL 31119425, *3 (S.D.N.Y. Sept. 24, 2002) (permitting service of a subpoena to a corporation upon the New York Secretary of State because it was "reasonably measured to insure the actual receipt of the subpoena by the corporation"); First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000) (finding that attaching a subpoena to the door, and mailing another copy to counsel of record was sufficient "especially since, as noted, Rafidain does not deny that it

5

received timely actual notice of the subpoena"); Cordius Trust v. Kummerfeld, No. 99 Civ. 3200 (DLC), 2000 WL 10268, *2 (S.D.N.Y. Jan. 3, 2000) (holding that because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met"); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (permitting service other than by hand delivery "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness") (citing First Nationwide Bank v. Shur, 184 B.R. 640 (E.D.N.Y. 1995)); see also Accurso v. Cooper Power Systems, Inc., No. 06 Civ. 848S, 2008 WL 2510140, *4 (W.D.N.Y. June 19, 2008) (noting that "cases [have] allowed service of a subpoena other than by personal delivery so long as the manner of service reasonably ensured its actual receipt," but ultimately not permitting alternative service); N.Y.C.P.L.R. § 308(2) (personal service includes delivering a summons at the actual place of business of the person to be served and by mailing the summons by first class mail).

Here, there is no question that Lefkowitz has notice that his deposition is being sought, and that service of agents at his businesses — New York Medscan and Care to Care — and via mail, is sufficient to provide him with actual timely notice. Furthermore, this Court has given him ample opportunity to appear and litigate this issue, and he has not taken advantage of those opportunities. Requiring him to appear under these circumstances does not

contradict Rule 45, nor does it undermine any of the policies upon which it rests. See Shur, 184 B.R. at 644 (conducting an extended analysis of policies supporting Rule 45 and concluding that "the only limitation upon service under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard." (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652 (1950) (holding that due process permits service of process by mail so long as such service provides "notice reasonably calculated . . . to apprise interested parties of the pendency of the action")).

To allow a witness to avoid appearing for his deposition when he acknowledges that he has actual knowledge that he is being sought for a deposition — and he has been served with a subpoena by mail and at his place of business, through an agent who confirms that she is authorized to accept service, after confirming that fact with the witness — undermines the requirement in Federal Rule of Civil Procedure 1, that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." In any case, the Court is satisfied that Lefkowitz has been provided with adequate due process - notice and an opportunity to be heard - to support the conclusion that in this case, substitute service is sufficient to compel his attendance at a deposition.

7

**CONCLUSION**

Defendants are hereby granted leave to serve Lefkowitz with a deposition subpoena, by delivering a copy of the subpoena to his place of employment, mailing a copy by first class mail, and attaching a copy of this Order to the subpoena. Lefkowitz is ordered to comply with that subpoena and appear for deposition on the date noticed or another date that he agrees upon with counsel, or he will face contempt sanctions.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2008
       New York, New York


Copies mailed to:

Jack Lefkowitz
c/o New York Medscan LLC
751 Second Ave.
New York, NY 11021

8